†WM. BERNSEE v. C. B. & W. H. HAMILTON.

JUDGMENT CREDITOR CANNOT REQUIRE SUCH SALE AS PRECLUDES HOMESTEAD.

The holder of a judgment against land encumbered by a mortgage, given by the owner to his wife cannot, against the mortgagees consent, require a sale for payment of the mortgages and judgment, and thus preclude homestead. Section 5440 Rev. Stat., contemplates only a sale on a claim which precludes homestead.

On appeal from the Court of Common Pleas of Cuyahoga county.

UPSON, C. J.

This case comes before this court upon a demurrer to a separate answer and cross-petition of the defendants. The action was brought by William Bernsee to prevent the sale of certain premises owned by him as a homestead, occupied and used by himself and family as a homestead, until the sheriff should set off the homestead in accordance with the statute.

---

†This case in the supreme court was dismissed for failure to file a printed record, October 4, 1892.

The answer and cross-petition sets forth that the premises are covered by two mortgages which are still liens upon the property, and are prior to the lien of the judgment obtained by defendants, and that being executed by the plaintiff and his wife, they preclude the allowance of a homestead; and the defendants ask that the court will order the premises to be sold and the money applied, first to the payment of these mortgages, and next to the payment of the judgment obtained by the defendants.

The reply made by the plaintiff is, that the mortgagees not only do not desire the sale of the property for the payment of their mortgage liens, but protest against it; and the question now before the court is, in substance, this: whether, where a judgment has been obtained by a party, and he desires to have sold for the satisfaction of that judgment the premises which are occupied as a homestead, and where the owner has given mortgages which preclude the allowance of a homestead, the judgment creditor can have that property sold for the payment of the mortgages and without any allowance of a homestead against the wishes of the mortgagees; that is, whether he can compel the foreclosure of those mortgages against the wishes of the mortgagees.

We had this question before us in a case which was decided in the May term, and we came to the conclusion that such a proceeding as that would be in direct conflict with the spirit of the homestead laws. The judgment debtor is entitled to have a homestead set off to him of the value of $1,000, but if the property is sold and the money brought into court, he is entitled to have out of that money in lieu of a homestead only $500. Now, does the giving of a mortgage by husband and wife place him in a situation where he may be forced by a judgment creditor to lose that right, even against the wish of the mortgagee? We think not. We think the provisions of the statute are directly in conflict with that view of the law.

Section 5434 provides: "The subsequent sections of this subdivision shall not extend to a judgment rendered on a mortgage executed by a debtor and his wife, nor for manual labor, etc." Now, the object of the law is, to provide that where a mortgage has been given and executed by husband and wife, that shall take away the right as far as that mortgage is concerned, to the homestead; but it does not say that in every case in which such mortgage is given the mortgage debt must either be paid or the property sold at any time the judgment creditor may desire to have it sold for the payment of the mortgage and his judgment.

That would be the direct effect in this case. It is provided in sec. 5440, that when a homestead is charged with liens, some of which, as against the head of the family, or the wife, preclude the allowance of a homestead to either of them, and others of such liens do not preclude such allowance, and a sale of such homestead is had, then, after the payment, out of the proceeds of such sale, of the liens so precluding such allowance, the balance, not exceeding $500, shall be awarded to the head of the family, or the wife, as the case may be, in lieu of such homestead, upon his or her application, in person, or by agent or attorney. Our construction of that is, that such sale must be a sale made upon a mortgage which precludes the allowance of a homestead, and not simply a sale upon a judgment at the instance of the judgment creditor as against whom a homestead may be allowed. The cross-petition asks that in the event the petition is not dismissed, the sheriff be ordered to set off to said plaintiff by metes and bounds the house actually occupied for a homestead, and land for the use of a homestead not to exceed a thousand dollars in value; to sell the house not occupied as a homestead (it appearing in this case that there are two houses on this lot), and the land covered by said second house, and in the event said order is not made, to appoint a receiver to collect the rents of said house and such proceeds of such premises not used as a homestead, and apply the same to the satisfaction of said judgment. There is already sufficient order for the sale of the property; and so far as setting off the homestead or directing the sheriff as to his duties, there is no need of that in this case, because the statute expressly tells the sheriff what to do, both as to setting off the homestead and the

manner in which he shall proceed in case the property is so situated as that . homestead cannot be set off. For if the property is so situated as that it will no bear division, then he shall proceed under the statute to appraise the rental valu of the same, the statute providing that the excess over one hundred dollars per year of the rental value shall be paid in quarterly payments to the judgment credi- tor. It is for the appraisers to determine whether or not the property is so divis- ible, and if it is, they may assign the homestead to the value of $1,000, and the balance may be sold; on the other hand, if it be not divisible the rental value must be appraised. On the whole, we are satisfied that this demurrer to the answer and cross-petition 'should be sustained.

H. C. Bunts, for plaintiff.

Wm. H. Beavis, for defendant.